## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Dora Garcia,

     Plaintiff,

Law Office of Wyn T. Taylor,

     Defendant.

---

## COMPLAINT

---

For this Complaint, the Plaintiff, Dora Garcia, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     Plaintiff, Dora Garcia ("Plaintiff"), is an adult individual residing in Commerce City, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Law Office of Wyn T. Taylor ("Taylor"), is a Colorado business entity with an address of 1658 Cole Boulevard, Suite 208, Lakewood, Colorado 80401, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Taylor for collection, or Taylor was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Taylor Engages in Harassment and Abusive Tactics

10.      On or about June 22, 2020, Taylor called Plaintiff in an attempt to collect the Debt and left a voicemail message.

11.      In its message, Taylor failed to disclose that the communication was an attempt to collect a debt, as required by law.

### C.  Plaintiff Suffered Actual Damages

12.      The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

13.      As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

14.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.    The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

16.    The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

17.    The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

18.    The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

19.    The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

20.    The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21.    The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1.    Against the named Defendant, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.    Against each of the named Defendant, awarding Plaintiff statutory damages of

$1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.   Against the named Defendant, jointly and severally, awarding Plaintiff  recovery
     of his litigation costs of litigation and reasonable attorney's fees pursuant to 15
     U.S.C. § 1692k(a)(3);

4.   Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**


Dated: December 10, 2020

                                        Respectfully submitted,

                                        By  */s/ Sergei Lemberg*_____

                                        Sergei Lemberg, Esq.
                                        CT Bar No.: 425027
                                        LEMBERG LAW LLC
                                        43 Danbury Road, 3rd Floor
                                        Wilton, CT 06897
                                        Telephone: (203) 653-2250
                                        Facsimile: (203) 653-3424
                                        E-mail: slemberg@lemberglaw.com
                                        *Attorneys for Plaintiff*

                                        Plaintiff:
                                        Dora Garcia
                                        6003 Grape Dr
                                        Commerce City, CO 80022